USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __6-1-2022__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EDWIN GUERRIER,

                          Movant,

           -against-

UNITED STATES OF AMERICA,

                         Respondent.

22-CV-4124 (JSR) (JLC)

18-CR-0284-1 (JSR)

**<u>ORDER TO AMEND</u>**

**JAMES L. COTT, United States Magistrate Judge**.

     Edwin Guerrier, who is currently incarcerated at FCI Otisville, brings this *pro se* motion under 28 U.S.C. § 2255 challenging the legality of his sentence entered in *United States v. Guerrier*, No. 18-CR-0284-1 (JSR) (S.D.N.Y. Sept. 24, 2020). By order dated May 25, 2022, Judge Rakoff has referred this motion to me for a report and recommendation. Dkt. No. 2. For the following reasons, the Court directs Guerrier to file an amended motion within 60 days of the date of this Order.

## STANDARD OF REVIEW

     A prisoner in federal custody may bring a motion under 28 U.S.C. § 2255 attacking his conviction or sentence on the grounds that it violates the Constitution or United States law, was imposed without jurisdiction, exceeds the maximum penalty, or is otherwise subject to collateral attack. 28 U.S.C. § 2255. Under Rule 4(b) of the Rules Governing § 2255 Proceedings, the Court has the authority to review and deny a § 2255 motion before directing an answer "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rules Governing § 2255 Proceedings, Rule 4(b); *see Acosta v. Nunez*, 221 F.3d 117, 123 (2d Cir. 2000). The Court is obliged, however, to construe *pro se* pleadings liberally and interpret them "to raise the strongest arguments they *suggest*."

1

*Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original); *see Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001).  Nevertheless, a *pro se* litigant is not exempt "from compliance with relevant rules of procedural and substantive law." *Triestman*, 470 F.3d at 477 (citing *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

## BACKGROUND

Guerrier pleaded guilty to one count of conspiracy to distribute and possess with intent to distribute cocaine, and on September 24, 2020, judgment of conviction was entered.  *See United States v. Guerrier*, 18-CR-0284 (JSR), Dkt. No. 225 (S.D.N.Y. Sept. 24, 2020).  Guerrier appealed his conviction, and the Court of Appeals affirmed.  *See* No. 20-3469 (2d Cir. Mar. 2, 2022).

Guerrier brings his motion using the court's Motion Under 28 U.S.C. § 2255 form.  In the motion, he raises two grounds for relief: (1) "sufficiency of evidence," and (2) "Eighth Amendment Claim."  Dkt. No. 1, at 2.  The motion indicates that Guerrier raised both grounds for relief on direct appeal, but it provides no other information regarding the nature of his claims.  Specifically, the motion does not allege any facts supporting Guerrier's grounds for relief.  For example, where the form asks Guerrier to state facts in support of his first ground for relief, he simply writes: "Sufficiency of Evidence."  *Id.* at 4.  Furthermore, when asked to state facts in support of his second ground for relief, Guerrier writes: "Eig[h]th Amendment Claim."  *Id.* at 5.  Finally, Guerrier leaves blank the question on the form asking him to state the relief he is seeking from the Court.  *Id.* at 13.

**DISCUSSION**

A movant who files an application to vacate, set aside, or correct a sentence must submit a motion that conforms to the Rules Governing Section 2255 Cases.  Rule 2(b) requires a motion to specify all of a movant's available grounds for relief, setting forth the facts supporting each of the specified grounds and stating the relief requested.  A motion must permit both the Court and the Respondent to comprehend both the movant's grounds for relief and the underlying facts and legal theory supporting each ground so that the issues presented in the motion may be adjudicated.[1]

Here, Guerrier asserts two grounds for relief, but he does not state their specific nature nor does he allege any facts supporting his grounds for relief.  Moreover, Guerrier does not state the relief that he is requesting.  The motion therefore fails to comply with Rule 2(b).

Because Guerrier has only one opportunity to bring a § 2255 motion asserting all the grounds on which he seeks relief from the judgment as a matter of law, the Court grants him an opportunity to file an amended § 2255 motion.  In his amended § 2255 motion, Guerrier must explain the facts supporting both his Eighth Amendment claim and his claim of insufficiency of evidence, so that the issues can be decided.

The Court had previous directed Respondent to reply to Movant's motion no later than July 18, 2022.[2]  Dkt. No. 3.  In light of this Order to Amend, no answer shall be required at this

---

[1] Rule 2(c) requires that the motion must substantially follow a standard form, such as the form provided by this Court.

[2] The Court's prior order inadvertently referred to Guerrier's submission as a motion under Rule 60(b)(6) of the Federal Rules of Civil Procedure.  As discussed in this Order, however, his submission is a motion under § 2255 to vacate, set aside, or correct a sentence.

time.  Respondent shall file an answer or other pleadings in response to the amended motion within 60 days of the date the amended motion is filed.

## CONCLUSION

Guerrier is directed to file an amended motion under 28 U.S.C. § 2255 containing the information specified above.  The amended motion must be submitted to this Court's Pro Se Office within 60 days of the date of this Order, be captioned as an "Amended Motion," and bear the same docket number as this Order.  An Amended Motion under 28 U.S.C. § 2255 form is attached to this Order, which Guerrier should complete as specified above.  If Guerrier fails to comply with this Order within the time allowed, and cannot show good cause to excuse such failure, the motion will be denied.

No answer shall be required at this time.  Respondent shall file an answer or other pleadings in response to the amended motion within 60 days of the date the amended motion is filed.

Because Guerrier has not at this time made a substantial showing of a denial of a constitutional right, a certificate of appealability will not issue.  *See* 28 U.S.C. § 2253.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

Dated: New York, New York
      June 1, 2022

_____
JAMES L. COTT
United States Magistrate Judge

**AMENDED**

## Motion to Vacate, Set Aside, or Correct a Sentence
## By a Person in Federal Custody

### (Motion Under 28 U.S.C. § 2255)

### Instructions

1.  To use this form, you must be a person who is serving a sentence under a judgment against you in a federal court. You are asking for relief from the conviction or the sentence. This form is your motion for relief.

2.  You must file the form in the United States district court that entered the judgment that you are challenging. If you want to challenge a federal judgment that imposed a sentence to be served in the future, you should file the motion in the federal court that entered that judgment.

3.  Make sure the form is typed or neatly written.

4.  You must tell the truth and sign the form. If you make a false statement of a material fact, you may be prosecuted for perjury.

5.  Answer all the questions. You do not need to cite law. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit additional or correct information. If you want to submit a brief or arguments, you must submit them in a separate memorandum.

6.  If you cannot pay for the costs of this motion (such as costs for an attorney or transcripts), you may ask to proceed *in forma pauperis* (as a poor person). To do that, you must fill out the last page of this form. Also, you must submit a certificate signed by an officer at the institution where you are confined showing the amount of money that the institution is holding for you.

7.  In this motion, you may challenge the judgment entered by only one court. If you want to challenge a judgment entered by a different judge or division (either in the same district or in a different district), you must file a separate motion.

8.  When you have completed the form, send the original and two copies to the Clerk of the United States District Court at this address:

    > Clerk, United States District Court for <u>Southern District of New York</u>
    > Daniel Patrick Moynihan US Courhouse 500 Pearl Steet
    > New York, New York 10007-1312

9.  <u>CAUTION:</u> **You must include in this motion <u>all</u> the grounds for relief from the conviction or sentence that you challenge. And you must state the facts that support each ground. If you fail to set forth all the grounds in this motion, you may be barred from presenting additional grounds at a later date.**

10. <u>CAPITAL CASES:</u> **If you are under a sentence of death, you are entitled to the assistance of counsel and should request the appointment of counsel.**

**AMENDED**

### MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT
### SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District |
|---|---|

| Name (under which you were convicted): | Docket or Case No.: |
|---|---|

| Place of Confinement: | Prisoner No.: |
|---|---|

| UNITED STATES OF AMERICA | Movant (Include name under which you were convicted) |
|---|---|
| v. | |

### MOTION

1.  (a) Name and location of court that entered the judgment of conviction you are challenging: _____

    _____

    _____

    _____

    (b) Criminal docket or case number (if you know): _____

2.  (a) Date of the judgment of conviction (if you know): _____

    _____

    (b) Date of sentencing: _____

3.  Length of sentence: _____

4.  Nature of crime (all counts): _____

    _____

    _____

    _____

    _____

    _____

5.  (a) What was your plea? (Check one)

    (1)   Not guilty ❑          (2)   Guilty ❑          (3)   Nolo contendere (no contest) ❑

    (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count

    or indictment, what did you plead guilty to and what did you plead not guilty to? _____

    _____

    _____

    _____

    _____

6.  If you went to trial, what kind of trial did you have? (Check one)          Jury ❑          Judge only ❑

7.  Did you testify at a pretrial hearing, trial, or post-trial hearing?     Yes ❏        No ❏

8.  Did you appeal from the judgment of conviction?     Yes ❏        No ❏

9.  If you did appeal, answer the following:

    (a) Name of court: _____

    (b) Docket or case number (if you know): _____

    (c) Result: _____

    (d) Date of result (if you know): _____

    (e) Citation to the case (if you know): _____

    (f) Grounds raised: _____

    _____

    _____

    _____

    _____

    _____

    _____

    (g) Did you file a petition for certiorari in the United States Supreme Court?     Yes ❏   No ❏

        If "Yes," answer the following:

        (1) Docket or case number (if you know): _____

        (2) Result: _____

        _____

        (3) Date of result (if you know): _____

        (4) Citation to the case (if you know): _____

        (5) Grounds raised: _____

        _____

        _____

        _____

        _____

        _____

        _____

10. Other than the direct appeals listed above, have you previously filed any other motions,

    petitions, or applications concerning this judgment of conviction in any court?

        Yes ❏    No ❏

11. If your answer to Question 10 was "Yes," give the following information:

    (a)  (1) Name of court: _____

         (2) Docket or case number (if you know): _____

         (3) Date of filing (if you know): _____

Page 4

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your motion, petition, or

application?      Yes ❑   No ❑

(7) Result: _____

(8) Date of result (if you know): _____

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your motion, petition, or

application?      Yes ❑   No ❑

(7) Result: _____

(8) Date of result (if you know): _____

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your

motion, petition, or application?

(1) First petition:       Yes ❑   No ❑

(2) Second petition:    Yes ❑   No ❑

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not: _____

_____

_____

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States.  Attach additional pages if you have more than four grounds.  State the <u>facts</u> supporting each ground.

**GROUND ONE:** _____

_____

(a) Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

(b) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ❑   No ❑

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ❑   No ❑

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion, petition, or application?

    Yes ❑   No ❑

(4) Did you appeal from the denial of your motion, petition, or application?

    Yes ❑   No ❑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

    Yes ❑   No ❑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or

raise this issue: _____

_____

_____

_____

_____

**GROUND TWO:** _____

_____

(a) Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**(b) Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ❑    No ❑

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

**(c) Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ❑    No ❑

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion, petition, or application?

Yes ❑    No ❑

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ❑    No ❑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ❑    No ❑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):_____

_____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____

_____

_____

_____

_____

**GROUND THREE:** _____

_____

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

(b) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ❑   No ❑

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ❑   No ❑

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion, petition, or application?

    Yes ❏   No ❏

(4) Did you appeal from the denial of your motion, petition, or application?

    Yes ❏   No ❏

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

    Yes ❏   No ❏

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or

raise this issue: _____

_____

_____

_____

_____

**GROUND FOUR:** _____

_____

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

(b) **Direct Appeal of Ground Four:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

       Yes ❑  No ❑

    (2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

       Yes ❑  No ❑

    (2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

    (3) Did you receive a hearing on your motion, petition, or application?

       Yes ❑   No ❑

    (4) Did you appeal from the denial of your motion, petition, or application?

       Yes ❑   No ❑

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

       Yes ❑   No ❑

    (6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____

_____

_____

_____

_____

_____

13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: _____

_____

_____

_____

_____

_____

_____

_____

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the judgment you are challenging?      Yes ❑   No ❑

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. _____

_____

_____

_____

_____

_____

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: _____

_____

(b) At arraignment and plea: _____

_____

(c) At trial: _____

_____

(d) At sentencing: _____

_____

Page 12

(e) On appeal: _____

_____

(f) In any post-conviction proceeding: _____

_____

(g) On appeal from any ruling against you in a post-conviction proceeding: _____

_____

_____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in
    the same court and at the same time?        Yes ❑ No ❑

17. Do you have any future sentence to serve after you complete the sentence for the judgment that
    you are challenging?        Yes ❑ No ❑

    (a)  If so, give name and location of court that imposed the other sentence you will serve in the
    future: _____

    _____

    (b) Give the date the other sentence was imposed: _____

    (c) Give the length of the other sentence: _____

    (d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the
    judgment or sentence to be served in the future?        Yes ❑   No ❑

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you
    must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not
    bar your motion.* _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C.
§ 2255, paragraph 6, provides in part that:
    A one-year period of limitation shall apply to a motion under this section.  The limitation period
shall run from the latest of —
        (1) the date on which the judgment of conviction became final;
        (2) the date on which the impediment to making a motion created by governmental action in
violation of the Constitution or laws of the United States is removed, if the movant was
prevented from making such a motion by such governmental action;
        (3) the date on which the right asserted was initially recognized by the Supreme Court, if
that right has been newly recognized by the Supreme Court and made retroactively
applicable to cases on collateral review; or
        (4) the date on which the facts supporting the claim or claims presented could have been
discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief: _____

_____

_____

or any other relief to which movant may be entitled.


                                          _____

                                          Signature of Attorney (if any)


I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct

and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on _____

_____ (month, date, year).


Executed (signed) on _____ (date).


                                          _____

                                          Signature of Movant


If the person signing is not movant, state relationship to movant and explain why movant is not

signing this motion. _____

_____

_____


                       IN FORMA PAUPERIS DECLARATION
                       _____

                            [Insert appropriate court]
                                 * * * * *